<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **ROBERT A. PANCHISIN,** | : | **Civil Action No. 11-5144-PGS-DEA** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **MEMORANDUM AND ORDER** |
| | : | |
| **ANTONIO C. TORRES,** | : | |
| | : | |
| **Defendant.** | : | |

This matter comes before the Court on a Motion by Defendant Antonio C. Torres ("Defendant") for Leave to File a Third-Party Complaint [dkt. no. 8], returnable November 5, 2012. Plaintiff Robert A. Panchisin ("Plaintiff") opposed the Motion on October 23, 2012 [dkt. no. 10]. The Court has reviewed the submissions of the Parties and oral argument was conducted by telephone on November 19, 2012. For the reasons set forth on the record and below, Defendant's Motion is **DENIED**.

I.    **INTRODUCTION**

     A.    **Undisputed Facts**

Plaintiff filed a Complaint on September 7, 2011  for personal injuries arising from a motor vehicle accident ("Accident 3") which occurred on Westbound I-78 in Perryville, New Jersey on September 12, 2009. <u>See</u> dkt. no. 1. Preceding Accident 3, two other motor vehicles accidents took place in the same general area—("Accident 1" and "Accident 2"). Rogalski Cert. at 1.

Accident 1 involved a vehicle operated by Jennifer M. Iler. <u>Id.</u> According to the Police Report, Ms. Iler lost control of her vehicle while changing lanes and struck the center guardrail.

Id. According to a separate Police Report, Accident 2 followed Accident 1 and involved five different vehicles. Id. at 1-2. Plaintiff Panchisin alleges that he pulled off the road after having observed Accidents 1 and 2. Id. at 3. Thereafter, Plaintiff alleges, his vehicle was struck in the rear by Defendant Torres, resulting in Accident 3. Id.

### B.    Argument

Defendant argues that the occurrence of Accidents 1 and 2 caused or contributed to the happening of Accident 3. Id. Therefore, Defendant seeks to add all of the persons associated with Accidents 1 and 2 as third-party defendants in this matter. Id. Defendant further contends that the Motion is made in good faith and not for the purpose of delay. Id.

Plaintiff denies that the occurrence of Accidents 1 and 2 contributed to the happening of Accident 3. Pl.'s Opp. at 1. Instead, Plaintiff claims that Accidents 1 and 2 occurred at a location separate and ahead of the location of Accident 3. Id. at 1-2. Thus, according to Plaintiff, Accident 3 is "the sole responsibility of the instant Defendant." Id. at 2. Plaintiff further contends that Defendant has known of the circumstances surrounding these events for "over three years" and, therefore, "the instant motion is filed purely for the purpose of delay." Id.

## II.    LEGAL STANDARD

The question presented is whether Defendant can now implead additional owners and operators as third-party defendants. FED. R. CIV. P. 14(a)(1) governs third-party practice and the time in which a third-party may be impleaded:

(a) When a Defending Party May Bring a Third Party

> (1) Timing of the Summons and Complaint. A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer

It is well-settled that:

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.

F.D.I.C. v. Bathgate, 27 F.3d 850, 873 (3d Cir.1994) (citation omitted). In Ryan v. Collucio, 183 F.R.D. 420, 422 (D.N.J. 1998), the Court explained that "'the crucial characteristic of a Rule 14 third-party claim is that the original defendant is attempting to transfer to the third-party defendant all or part of the liability asserted against him by the original plaintiff.'" (citing In re One Meridian Plaza Fire Litigation, 820 F.Supp. 1492, 1496 (E.D. Pa. 1993)). "Thus, a true third-party complaint derives from the original plaintiff's direct action against the defendant/third-party plaintiff." Id.

A motion for leave to file a third-party complaint is treated in the same manner as a motion for leave to amend the original pleadings. See Crocker v. Kooltronic, Inc., 2011 WL 689623, *2 (D.N.J. Feb. 18, 2011); (citing Collucio, 183 F.R.D. 420, 423; Cruz v. City of Camden, 898 F.Supp. 1100, 1105 (D.N.J. 1995)). The determination of a motion to amend falls within the sound discretion of the District Court, and leave to amend should be freely given when justice so requires. See Spencer v. Cannon Equip. Co., 2009 WL 1883929, at *2-3 (D.N.J. June 29, 2009); FED. R. CIV. P. 15(a)(2). But neither leave to amend nor implead a third-party are automatic. Thus, Courts "have considered the following factors in exercising their discretion on whether to permit impleader under Rule 14(a): (1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." Spencer, 2009 WL 1883929 at *2-3; see also Ronson v. Talesnick, 33 F. Supp. 2d 347, 356 (D.N.J. 1999); Erkins v. Case Power & Equip. Co., 164 F.R.D. 31, 32 (D.N.J.

1995); Con-Tech Sales Defined Benefit Trust v. Cockerham, 714 F. Supp. 701, 703 (E.D. Pa. 1989).

## III.   DISCUSSION

### A.   Futility

If the amendment fails as a matter of law to warrant any relief, leave to amend should be denied as futile. Smith v. NCAA, 139 F.3d 180, 190 (3d Cir. 1998). Plaintiff alleges that he observed both Accident 1 and Accident 2. Rogalski Cert. at 3. Plaintiff further alleges that, as a result of viewing these accidents, he pulled off the road and stopped his vehicle. Id. It was not until after Plaintiff had done so that Defendant struck Plaintiff's car. Id. Neither party disputes this basic set of facts and, indeed, it is supported by the Police Reports referenced in Plaintiff's pleadings. Taking these facts as true, it is unlikely that the two preceding accidents could be found to have contributed to Plaintiff's injuries. Thus, impleading the parties involved in Accidents 1 and 2 would appear to be futile.

### B.   Timeliness

Delay alone cannot be grounds to deny an amendment, but "the movant must demonstrate that its delay in seeking to amend is satisfactorily explained." Harrison Beverage Co. v. Dribeck Importers, Inc., 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotations omitted). In this case, the Court's initial Pretrial Scheduling Order provided that any motion to amend the pleadings or join new parties, whether by amended or third-party complaint, was to be filed by August 1, 2012. See dkt. no. 6. Defendant's Motion was made nearly two months after this deadline, on September 26, 2012. Further, Defendant has known of both Accidents 1 and 2 for over three years. In addition, it has come to the Court's attention that on July 11, 2011, Defendant initiated his own affirmative action for injuries he claims to have sustained on September 12, 2009. See

<u>Torres v. Iler et al.</u>, Civil Action No. 11-5187 (D.N.J. 2011). Under the circumstances, the Court finds that Defendant's Motion was not timely brought.

### C.   Trial Issues

First, the Court concludes that allowing Plaintiff to implead 10 additional defendants at this stage of the proceedings would certainly delay trial. Although a trial date has not yet been set, written discovery has been completed, Plaintiff has been deposed, and the deadline for completion of fact discovery has been set for February 15, 2013. Impleading 10 new third-party defendants, all of whom must answer the Complaint, conduct discovery, and develop unique defenses would have the inevitable effect of delaying these proceedings. Second, for the aforementioned reasons, the Court also believes there is significant potential for complication of the issues at trial. Under the circumstances, the Court finds that allowing the third-party complaint would unduly delay and complicate trial.

### D.   Prejudice

Prejudice must be "undue" and rise to the level that the non-moving party would be "unfairly disadvantaged or deprived of the opportunity to present facts or evidence . . . ." <u>Id.</u> (internal quotations omitted); <u>Crocker v. Kooltronic, Inc.</u>, 2011 WL 689623, at *5. At a minimum, impleader would prejudice Plaintiff by unnecessarily delaying resolution of the matter. Moreover, given the likelihood that the proposed third-party claims are futile, Plaintiff would also be prejudiced in this regard. As Plaintiff has spent the past year pursuing his case on the facts presented, and fact discovery will end on February 15, 2013, it is unreasonable to compel Plaintiff to address new theories of liability based on the impleader of 10 new parties. Therefore, the Court finds that allowing the third-party complaint would unduly prejudice Plaintiff.

IV.    **CONCLUSION AND ORDER**

For the reasons set forth on the record and above,

**IT IS** on this 20th day of November, 2012,

**ORDERED** that Defendant's Motion for Leave to File a Third-Party Complaint is

**DENIED.**


s/ Douglas E. Arpert_____
DOUGLAS E. ARPERT, U.S.M.J.
